# Pittsburgh National Bank of Commerce *versus* Shoenberger et al.

1. Under the act of 5th of May, 1832, P. L., 501, and its supplement of 18th of April, 1865, P. L., 64, lateral railroads, whether single or double track, can not be built of greater width than twenty feet.

2. As a greater width than twenty feet is expressly prohibited by the original act of 1832, the width becomes a jurisdictional fact which may be taken advantage of at any stage of the proceedings.

3. Seven is the number of viewers required to assess damages.

October 29th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term, 1885, No. 75.

On April 8th, 1882, Shoenberger & Co. et al. filed their petition in said court, setting forth inter alia that they are the owners of certain coal lands and mines, in Wilkins township, county of Allegheny, in the vicinity of the Pennsylvania Railroad, and not more than three miles therefrom.

That they have surveyed and marked a route over the lands intervening between their said coal lands and the said Pennsylvania Railroad for a Lateral Railroad with double tracks, with the necessary switches, sidings, chutes, machinery, fixtures and appurtenances, and connecting with said Pennsylvania Railroad between Wilkinsburg and Edgewood stations, in Sterrett township in said county, viz: The whole of said lateral railroad being particularly described and set forth in a plan annexed and made part hereof.

The route as marked, surveyed and described was through the lands of the Pittsburgh National Bank of Commerce, the Home for Aged Protestants, the Western Pennsylvania Institution for the Instruction of the Deaf and Dumb, and George R. Johnson, and was thirty-three feet wide for its entire length, except a portion over part of the lands of said bank and the said George R. Johnson, where it was forty-five feet wide.

They further set forth in their petition "that they desire to be allowed to construct on said route a double track railroad, with the necessary switches, sidings, chutes, machinery, fixtures and appurtenances; and that all of said land so as hereinbefore described, and in said annexed plan marked and set forth, is necessary for said double track railroad, and the necessary switches, sidings, chutes, machinery, fixtures and appurtenances."

" They therefore pray this honorable court to file and enter of record this, their petition, and thereupon to appoint six disinterested and judicious men, resident in said county, to view said route and premises and examine the same; and to make report in writing, according to the provisions of the Acts of Assembly in such cases made and provided, to this court, whether the railroad asked is necessary for public or private use, as well as the damages which will be sustained by the owners of intervening lands."

The said Pittsburgh National Bank of Commerce is shown in the petition and on the plan to be the owner of the principal portion of the lands over which the road passes.

April 14th, 1882, George R. Johnson filed exceptions to the petition and appointment of viewers, alleging that the land described in the petition as belonging to him, is the identical land now in the occupancy and use of petitioners under a lease from him, granting them a right of way for transporting their coal.

April 15th, 1882, George R. Johnson filed his answer to said petition, setting forth at length the matters briefly mentioned in his said exception. On the same day the Western Pennsylvania Institution for the Instruction of the Deaf and Dumb filed its answer, averring its incorporation as a public charitable institution, the gift and conveyance of its ground to said institution, and its necessity for the purpose of its incorporation, and denying the right of petitioners to take it for the use of said road, and showing wherein it would be injured by such appropriation.

April 24th, 1882, viewers were appointed in accordance with the prayer of the petition.

October 7th, 1882, report of viewers filed in favor of the road as surveyed by petitioners and described in the petition and *fixing the width as set forth therein,* and assessing damages to all the intervening landowners except the Western Pennsylvania Institution for the Instruction of the Deaf and Dumb, as to which they reported that an agreement had been made between it and the petitioners in respect to the land taken.

October 22d, 1882, exceptions filed by George R. Johnson

to the report of the viewers, to the effect, in substance, that the road reported was more than the lawful width.

October 25th, 1882, George R. Johnson appealed from said report to the Common Pleas.

December 31st, 1884, the Pittsburgh National Bank of Commerce filed an exception to said proceedings and the report of the viewers, and joined in the exception filed thereto by George R. Johnson, alleging that the ground appropriated by the petitioners, and reported to court by the viewers for the purposes of said road, exceeded twenty feet in width, and was in excess of the quantity which the petitioners could legally take.

No answers or exceptions were filed by any of the landowners other than those above mentioned.

January 8th, 1885, petition of George R. Johnson filed, stating that he had come to an agreement with the petitioners, and accordingly an order of court was made thereupon of same date, granting him leave to withdraw his appeal and exceptions.

February 23d, 1885, the exceptions filed by the Pittsburgh National Bank of Commerce argued, and thereupon overruled and dismissed.

The Pittsburgh National Bank of Commerce thereupon took this certiorari, assigning for error the overruling and dismissing her exceptions and the refusal of the court to quash the proceedings and vacate and set aside the report of viewers.

*Thomas C. Lazear* for plaintiff in error.— The Lateral Railroad Act of May 5th, 1832, (P. L., 501) governing proceedings in such cases, expressly provides in its 3d section that such railroads "*shall not exceed in breadth twenty feet,*" and none of the supplements of the Act authorizes the appropriation of any greater width.

Our exceptions are not too late. An appeal was formerly confined to the assessment of damages: Horner's Road, 37 Penna. St., 333; Boyd v. Negley, 40 Ib., 377, and now, since the passage of the Supplemental Act of February 17th, 1871, (P. L., 56) it extends to the further inquiry of the necessity of the road. Nothing else, however, comes within the scope of an appeal. It does not, therefore, touch the question of the regularity of the proceedings, which is the province of exceptions. No limitation for filing these is named in the Act, and as the exceptions of the plaintiff in error in this case involve a question of jurisdiction, they could have been filed in any stage of the proceedings.

And certiorari is the proper remedy for errors in overruling exceptions: Hall's Appeal, 56 Pa. St., 238.

1 AMERMAN—7

*George Shiras, Jr.* (*S. Shoyer, Jr.*, with him), for defendant in error.—The proceedings in this case were instituted under the provisions of the act of April 18th, 1865, (P. L., 64), which authorizes the construction of a "single or double track railroad, with the necessary sidings, wharves, chutes, machinery, fixtures and appurtenances for the transfer and delivery of .... coal."

Our construction of the act of 1865 is that it was found by experience that the twenty feet authorized by the act of 1832 was insufficient for the profitable carrying on of said railroad ; and as it was not practicable to fix by statute any definite width, the legislature left the width to be fixed by viewers, according to the circumstances of each case ; that the increased width authorized does not merely, as argued, refer to sidings.

Mr. Justice GREEN delivered the opinion of the court, January 4th, 1886.

We feel obliged to say in this case that both under the act of 5th of May, 1832, and its supplement of April 18th, 1865, lateral railroads cannot be built of greater width than twenty feet. Of course, under the act of 1865, if a greater width than that is necessary for the construction of sidings, wharves, chutes, etc., mentioned in that act, such additional width could be used for those specific purposes. In that event the special additional structures, together with the quantity of ground requisite for the purpose, should be carefully described in the petition and order, so that they may appear on the record. Both the original act and the supplement authorized the construction of double track roads, and hence no inference of additional width can be drawn from the fact that double track roads are authorized by the supplement. As a greater width than twenty feet is expressly prohibited by the original act of 1832, the width becomes a jurisdictional fact, which may be taken advantage of at any stage of the proceedings. We think, also, that as damages are to be assessed in the same manner as under the act of 1849, the number of viewers should be seven instead of six.

> The judgment of the court below is reversed, and the petition, order, and all proceedings are dismissed and set aside, at the cost of the defendants in error.